```
IN THE DISTRICT COURT OF THE UNITED STATES
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                CHARLOTTE DIVISION
                     3:09cv531
```

| | |
|---|---|
| **STEVIE DWAYNE MCFALLS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) **MEMORANDUM OF DECISION** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the court on Plaintiff's Motion for Summary Judgment (#11), the Commissioner's Motion for Summary Judgment (#14), and the Memorandum and Recommendation of the Honorable David C. Keesler, United States Magistrate Judge (#17). The court has before it plaintiff's Objection (#19) and the Commissioner's Response (#20). The court has considered the arguments of the parties, and the matter is now ripe for determination.

**FINDINGS AND CONCLUSIONS**

**I.  Introduction**

Plaintiff has not objected to the Background as set forth on pages one through three of the M&R. The court therefore adopts as its own such section of the M&R.

**II.  Legal Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's M&R.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390; *see Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.

1996). The decision must be based on the record as a whole. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has emphasized that a reviewing court may not re-weigh the evidence or substitute its judgment for that of the Commissioner as long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Smith v. Schweiker*, 795 F.2d at 345; *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. Consideration of Plaintiff's Objections

#### A. Objections

Plaintiff raises seven specific objections to the M&R specifically related to the testimony of the vocational expert ("VE"). In the M&R, Judge Keesler found that the VE testimony supported the Administrative Law Judge's ("ALJ") step-five finding that plaintiff is not disabled because there are jobs in the national economy that plaintiff can perform. Plaintiff objects to this finding, contending that the ALJ improperly asked the VE a hypothetical question that did not properly set out all of plaintiff's impairments and that the ALJ improperly relied on the VE's response to that question to support his ultimate

3

conclusion, while disregarding the VE's subsequent contradictory testimony. Plaintiff contends that the M&R

> overlooks significant and harmful errors arising from the VE's testimony at the hearing: in particular that the ALJ improperly included in his hypothetical to the VE only those parts of the medical evidence and only those of the ALJ's own findings likely to elicit testimony supporting an unfavorable step-five finding; and that the ALJ then improperly considered in his decision only those parts of the VE testimony supporting an unfavorable ultimate conclusion.

(Pl.'s Br. p. 8, docket no. 19.)

Plaintiff also raises three specific objections related to the medical opinion evidence, specifically with respect to the medical opinion evidence of Dr. Charles Agunobi, Barry L. Bertolette, and Elizabeth Anton. Each objection will be addressed *seriatim* and overruled for the reasons that follow.

**B.     Discussion**

**1.      Vocational Expert Testimony**

Objection #1

During the hearing, plaintiff's counsel asked the VE to assume the following moderate limitations in several mental activities: that plaintiff "was moderately limited in his ability to set realistic goals or make plan independently of others; that he was moderately limited in his ability or travel to unfamiliar places or use public transport; moderate[ly] limited in the ability to respond appropriately to changes in the work setting; and moderately limited in the ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes; and moderately limited in the ability to

4

complete a workday or workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods due to his symptoms being stress and ability to cope." (Tr. 1066.)

The VE testified, in response to the hypothetical posed by plaintiff's counsel: "With that many moderate limitations I think the person would at least need some assistance, like a job coach or someone to help them settle into a job successfully. And I couldn't guarantee for sure whether they could or not." (Tr. 1066.) Plaintiff notes that after some colloquy with the ALJ, the VE clarified and reaffirmed her testimony that "if someone has several moderate limitations it would be a red flag to me that they would be likely to have some difficulties on the job which would lead to them losing the job, unless someone intervened and corrected the behavior to make sure." (Tr. 1068.) Plaintiff states that the M&R does not consider this testimony, and plaintiff contends that the job arrangement as described by the VE does not constitute substantial gainful work, but instead work done under special conditions. *See* 20 C.F.R. §§ 404.1573, 416.973.

Plaintiff's objection is overruled. The fact that the M&R does not specifically address this part of the testimony by the VE does not mean that the magistrate judge did not consider this testimony in determining whether substantial evidence supported the ALJ's decision that plaintiff was not disabled. Furthermore, as the court will discuss more thoroughly with respect to the remaining objections by plaintiff, the hypothetical posed by plaintiff's counsel did not accurately reflect the ALJ's RFC finding and imposed additional

limitations not found by the ALJ. Thus, the ALJ was not required to find that plaintiff was disabled based on the VE's answer to the hypothetical posed by plaintiff's counsel.

Objection #2

In the ALJ's decision, the ALJ found that "the claimant has moderate restrictions of activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace and one or two episodes of decompensation." (Tr. 29.) Plaintiff contends that this finding requires at least several moderate limitations in specific mental abilities, and the M&R does not consider this finding in the ALJ's decision. This objection is overruled. Plaintiff appears to be suggesting that the ALJ was required to make a finding of disabled based on his observation that plaintiff has moderate limitations in specific mental abilities. The ALJ specifically found that, despite these limitations, plaintiff was still able to do light work. Furthermore, as the court discusses more thoroughly below, the ALJ further found that plaintiff's statements regarding his own limitations were not credible for various reasons. The court has carefully reviewed the record and finds that substantial evidence supports the ALJ's ultimate step-five finding. This objection is overruled.

Objection #4

The magistrate judge stated in the M&R that the RFC finding, and by implication, the ALJ's hypothetical, "took into account [plaintiff's] non-exertional limitations in mental work-related activities," since both the RFC and the hypothetical "describe a person 'who can understand and remember instructions; who can carry out simple instructions; who's

able to ask simple questions; who's able to ask simple questions and request assistance; who is capable of being aware of ordinary hazards." (M&R p. 8.) (quoting Tr. 1063.) Plaintiff objects to this finding on the grounds that the M&R does not consider that: (1) the ALJ's RFC finding and the the ALJ's hypothetical are inconsistent; and (2) the VE's testimony makes clear that the VE did not understand the ALJ's hypothetical to include the several moderate mental limitations the ALJ found in the ALJ's Decision, or the twelve moderate mental limitations assessed in Dr. Anton's report, when the VE answered the ALJ's hypothetical. (*See* Tr. 29, 1063.) Plaintiff further contends that the M&R does not invoke the correct standard for reviewing the ALJ's reliance on VE testimony in response to a hypothetical that did not include the moderate mental limitations the ALJ found in his own decision or those in Dr. Anton's report.

Plaintiff's objection is overruled. As defendant notes, SSR 96-8 indicates that the "RFC is not the least a person can do despite his or her limitations, but the most." The ALJ's RFC finding took into account non-exertional limitations in mental work-related activities, which limited plaintiff to simple, unskilled work. Therefore, the ALJ's RFC finding indicated that plaintiff was capable of a range of work that allowed the option of sitting and/or standing at will and that could be performed by a person capable of remembering and understanding instructions, carrying out simple instructions, asking simple questions, requesting assistance, and being aware of ordinary hazards. That hypothetical was specifically presented to the VE. Furthermore, as the court has already discussed, the numerous moderate limitations noted in several mental activities in the

7

hypothetical presented by plaintiff's counsel were not present in the ALJ's own finding. Rather, the mental limitations included in plaintiff's counsel's hypothetical came from mental RFC assessments that had been completed by Dr. Anton, nurse practitioner Bertolette, and Dr. Gihwala. As defendant notes, the limitations in the form completed by Dr. Anton are intermediate findings upon which her mental RFC assessment was based. (Tr. 413.) Dr. Anton concluded that plaintiff could understand and remember simple instructions; could carry out simple instructions; was able to ask simple questions and request assistance; and was capable of being aware of hazards. (*Id.*) This was the ALJ's ultimate finding with regard to plaintiff's mental capabilities. In other words, the ALJ found that plaintiff had these abilities, despite that he had moderate restrictions of activities of daily living. (Tr. 29.) The ALJ, who was in the best position to assess plaintiff's credibility, also specifically stated:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.
>
> In summary, the medical evidence demonstrated that the claimant suffers from Crohn's disease. I acknowledge that the claimant may experience some discomfort. However, he is still able to move about in a satisfactory manner. The claimant testified that he bathes every other day and changes his clothes daily. The claimant contended he could sit only thirty minutes. However, I observed him sit throughout the hearing, which lasted almost an hour, which undermines his assertion that he can only sit thirty minutes. The claimant testified that although he does nothing around the house, he added that he is capable of washing the dishes, washing clothes, sweeping and vacuuming in twenty to thirty minute intervals. He also testified that he

8

> never leaves his house, but later testified that he visits his brother on some weekends and drives him around. In addition, the claimant worked in 2003 and 2004. This leads me to believe that the claimant has greater exertional abilities than be admits to.
>
> . . . .
>
> Furthermore, a radiology report dated January 12, 2005 based on 126 images of the claimant's abdomen and pelvis revealed there was no bowel obstruction, pneumoperitoneum or ascites. There was no definite right lower quadrant inflammation and no abdominal aortic aneurysm or dissection. . . . Subsequently, the claimant was admitted to Gaston Memorial Hospital on January 14, 2005, due to abdominal pain. It was again noted that the claimant's acute abdominal series x-rays showed no radiographic evidence of acute cardiopulmonary changes. I do not mean to imply that the claimant is symptom free. Rather, his own estimation of his incapacitation is not supported by medical or other evidence.

(Tr. 31) (citations omitted). The ALJ further noted that plaintiff's credibility was undermined by the fact that he was discharged from Charlotte Pain Center because marijuana was found in his system and because the "medical evidence suggests that the claimant became addicted to the narcotics he used for pain." (Tr. 31.)

Next, as to plaintiff's depression, the ALJ stated that "although he has some limitations, he is still able to take care of his own personal needs, think, communicate, act in his own interest, and get along with others." (Tr. 32.) The ALJ noted that an Assessment of Mental Residual Functional Capacity form was completed on July 23, 2007, finding that plaintiff was

> moderately limited in his ability to carry out detailed instructions, complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in the work setting, travel in unfamiliar places or use public transportation and set realistic goals or make plans independently of others.

9

> Nonetheless, it was further opined that the claimant had only mild functional limitations in his ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them and make simple work-related decisions.

(Tr. 32.)

Here, the ALJ clearly did not believe that plaintiff's exertional limitations were as extreme as plaintiff contended they were, nor did he believe that plaintiff's depression incapacitated plaintiff to the extent that plaintiff claims. The ALJ's findings are supported by substantial evidence, and this court must give great deference to the ALJ's credibility determinations. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (stating that, in reviewing for substantial evidence, the court may not reweigh conflicting evidence, make credibility determinations, or substitute the court's judgment for that of the ALJ). This objection is overruled.

Objection #5

As to Objection #5, plaintiff objects to the M&R's finding that substantial evidence supported the VE's testimony and the ALJ's reliance on that testimony because the limitations included in the hypothetical were drawn from forms completed by Dr. Anton, Mr. Bertolette, and Dr. Gihwala. The court overrules this objection for the reasons stated above as to plaintiff's Objection #4.

Objection #6

As to Objection #6, plaintiff contends that the ALJ failed to incorporate undisputed evidence or his own finding of several moderate mental limitations in his hypothetical question to the VE. Plaintiff notes that when his attorney did ask such question. the VE answered that she could not "guarantee for sure" that there were any jobs such a person could do. Plaintiff contends that the M&R does not consider the ALJ's failure to interrogate the VE further, or otherwise attempt to resolve this conflict in the VE's testimony.

The court will overrule this objection. As the court has already discussed, the VE's testimony was in response to a hypothetical that was not consistent with the ALJ's findings regarding plaintiff's RFC; therefore, the ALJ was not required to resolve "the conflict" between the VE's response to the hypothetical given by the ALJ and the hypothetical given by plaintiff's counsel.

Objection #7

As to Objection #7, plaintiff contends that the M&R does not consider whether the VE's testimony as a whole supports the ALJ's step-five finding or his ultimate conclusion. This court does not agree, as the M&R did consider whether the VE's testimony as a whole supported the ALJ's step-five finding. The M&R further found as persuasive defendant's contention that the ALJ's RFC finding considered non-exertional limitations in mental work-related activities. The court accepts that plaintiff disagrees with the M&R's conclusion, but it is simply not true that the M&R did not consider whether the VE's

testimony as a whole supported the ALJ's step-five finding or his ultimate conclusion. This objection is overruled.

In sum, after reviewing the record *de novo*, the court agrees with the conclusions of the magistrate judge in the M&R. That is, the court agrees with the magistrate judge that the ALJ's RFC finding took into account non-exertional limitations in mental work-related activities. Thus, plaintiff's objections as to the VE testimony are overruled.

**2.    Medical Opinion Evidence**

a.    Charles Agunobi, M.D.

Plaintiff objects to the M&R's findings with regard to the ALJ's rejection of Dr. Agunobi's opinion dated November 30, 2005, in which Dr. Agunobi opined that plaintiff's pain was not so well-controlled with medications that he could stay at a workstation and perform a task for an entire workday. On appeal from the ALJ's decision, plaintiff argued that the ALJ had failed to consider Dr. Agunobi's opinion. The magistrate judge found that the ALJ did consider Dr. Agunobi's opinion regarding plaintiff's pain, noting first that the ALJ acknowledged Dr. Agunobi's opinion as plaintiff's treating physician. The M&R notes that the ALJ described reviewing Dr. Agunobi's progress notes, specifically relating to plaintiff's complaint of chronic pain and tenderness, and concluded that Dr. Agunobi's opinion "is not substantiated by his own medical evidence and is not consistent with other medical evidence of record." (Tr. 32.) Plaintiff states that the M&R mischaracterized what the ALJ actually found, noting that the ALJ specifically stated only that Dr. Agunobi's statement of November 30, 2005–that plaintiff's pain was not so well-controlled with

medications that he could stay at a workstation and perform a task for an entire workday–was not substantiated by the medical evidence and was not consistent with other medical evidence of record.

Plaintiff's objection will be overruled, as the M&R was correct in upholding the ALJ's rejection of Dr. Agunobi's opinion. That is, the court agrees with the ALJ's conclusion that Dr. Agunobi's opinion that plaintiff could not work for eight hours due to pain is not supported by the record and is inconsistent with the evidence and other medical opinions. The ALJ specifically noted that Dr. Agunobi's opinion was not consistent with the objective evidence:

> Specifically, progress notes received from Dr. Agunobi were dated November 26, 2003, through November 5, 2006. In reviewing Dr. Agunobi's progress notes, I find that although the claimant complained of chronic pain and tenderness, there was no evidence of chronic tenderness of the claimant's abdomen until the claimant was examined on August 9, 2004. Subsequent x-rays of the claimaint's abdomen performed on October 28, 2004, revealed no acute intrathoracic disease and no evidence of intraperitoneal free air or bowel obstruction. (Exhibit B3F/56-57.) Therefore, I conclude that Dr. Agunobi's opinion, which was given in 2005, is not substantiated by his own medical evidence and is not consistent with the other medical evidence of record. I believe that Dr. Agunobi did not provide a broad-based opinion regarding the claimant's ability to work from the claimant's alleged date of onset through the date of this decision. As such, I have assigned less weight to this opinion.

(Tr. 32.) The ALJ was, of course, not required to accept Dr. Agunobi's statements that plaintiff was disabled, or that he was disabled from performing sedentary work, as these are issues reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1). Furthermore, the ALJ was in the best position to assess plaintiff's

credibility regarding plaintiff's claimed limitations. This court finds that the ALJ did not err in assigning less weight to Dr. Agunobi's opinion; therefore, plaintiff's objection as to Dr. Agunobi is overruled.

   b.   Berry L. Bertolette, NP

The M&R addressed plaintiff's contention that the ALJ erred in making "no mention" in the decision of two out of three opinion statement forms submitted by Berry Bertolette, a nurse practitioner who only treated plaintiff twice. The M&R noted that plaintiff was a nurse practitioner and was therefore not an acceptable medical source, and the M&R concluded that, to the extent that the ALJ failed to mention "two pages of a record that is over a thousand pages long, regarding the opinion of a source the Plaintiff describes as "not an 'acceptable medical source,'" or by failing to explain the weight such a source," the error was harmless. (M&R p. 10.)

Plaintiff contends that the error was not harmless. Plaintiff notes that Bertolette reported that plaintiff had moderate limitations in five mental abilities. Plaintiff notes that when the VE was asked to consider a hypothetical that incorporated the five moderate limitations as offered by Bertolette in combination with the ALJ's hypothetical, the VE said that she "couldn't guarantee for sure" that such a person with "that many moderate mental limitations" could do any job. (Tr. 1066.) Plaintiff contends that if the ALJ had considered and adopted Mr. Bertolette's opinion and incorporated those five moderate limitations in the hypothetical question, the VE "clearly would not testified that there jobs that such a person could do in her first answer." (Pl.'s Br. p. 12.)

Plaintiff's objection is overruled. As noted, the ALJ was not required to consider a source that was not an acceptable medical source; therefore, the ALJ's failure to mention the reports by Bertolette was simply not error.

c.  Elizabeth Anton

The M&R stated that the ALJ's failure to mention the opinions of Dr. Anton or explaining the weight given such opinions was harmless because "the ALJ's ultimate RFC finding with regard to Plaintiff's mental abilities was actually the same as Dr. Anton's functional capacity assessment." (M&R pp. 10-11.) Plaintiff objects to this finding, contending that the M&R does not invoke the correct standard of review for a claim of harmless error, nor does the M&R consider the requirement that the ALJ must explain the weight given to State Agency opinions. Plaintiff further contends that the M&R does not consider that Dr. Anton's functional capacity assessment also reports moderate limitations in twelve mental abilities. (Tr. 411-12.) Plaintiff contends that if the ALJ had considered Dr. Anton's entire opinion statement and incorporated those twelve moderate limitations in his hypothetical question, the VE clearly would not have testified that there were jobs such a person could do in her first answer, and the ALJ would not have had any grounds on which to base his denial.

Here, Dr. Anton's RFC assessment was that plaintiff could understand and remember simply instructions; could carry out simple instructions; was able to ask simple questions and request assistance; and was capable of being aware of hazards. (Tr. 413.) As defendant notes, this was the ALJ's ultimate finding with regard to plaintiff's mental

capabilities. Thus, the court agrees with the M&R that, to the extent that the ALJ did not specifically state how much weight the ALJ assigned to Dr. Anton's opinion, the error was harmless. This objection is overruled.

### 3. Plaintiff's Remaining Objections

Finally, as part of plaintiff's remaining objections, plaintiff contends that the M&R does not discuss in detail specific evidentiary evidence that plaintiff raised in his brief. Plaintiff contends specifically that the M&R fails to consider plaintiff's "unrebutted assertion that substantial evidence does not support the ALJ's finding that 'the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment.'" (Pl.'s Br. p. 14, Tr. 31.) The court overrules this objection, as the court finds that substantial evidence supports the ALJ's findings regarding plaintiff's credibility.

Next, plaintiff also objects to the M&R on the grounds that the M&R did not address plaintiff's assertion that the Appeals Council erroneously found as immaterial 82 pages of newly submitted medical records representing treatment received before the date of the decision. This objection is overruled, as the record shows that the Appeals Council determined that the newly submitted medical records–for treatment received both before and after the date of the ALJ–failed to show that plaintiff's functional abilities were more limiting than as found by the ALJ. (Tr. 11.) Thus, to the extent that the Appeals Council believed that all of the new submitted medical records were for treatment after the date of the decision, the error was harmless. All remaining objections are overruled.

IV. Conclusion

The court has carefully considered magistrate judge Keesler's Memorandum and Recommendation, plaintiff's Objections, and defendant's Response. Furthermore, the court has reviewed relevant portions of the Administrative Record, including the ALJ's determination and the decision of the Appeals Council. Based on such review, the court finds that the magistrate judge correctly determined that the ALJ's decision was based on substantial evidence. Therefore, for the reasons stated here and in the M&R, the court affirms the decision of the Commissioner and grants the Commissioner's motion for summary judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Objections (#19) are **OVERRULED**;

(1) The Commissioner's Motion for Summary Judgment (#14) is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (#11) is **DENIED**;

(3) The Commissioner's decision is **AFFIRMED**; and

(4) Plaintiff's claim is hereby **DISMISSED**.

The Clerk of Court is ordered to prepare a judgment consistent with this Memorandum of Decision herewith.

**IT IS SO ORDERED**.

Signed: September 29, 2011

Max O. Cogburn Jr.
United States District Judge